PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* VENANCIO PAGÁN, Defendant and Appellant.

No. 3387.   Argued December 20, 1927.—Decided December 22, 1927.

492

*E. Martínez Avilés* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON ·delivered the opinion of the court.

Appellant was convicted of rape and complains that the court below erred in overruling a motion to dismiss the action made at the threshold of the trial and based upon the ground that more than 120 days had elapsed since the filing of the information and before the date upon which the case was called for trial.

The district attorney invited the attention of the trial judge to the record and to a motion for continuance by the defendant, which was offered in evidence, as well as to a subsequent continuance obtained by the prosecution on the ground of the absence of an important witness. Counsel for defendant was content to point out that defendant had objected to the second continuance. The only question raised in the brief for appellant, with reference to this aspect of the case, seems to involve the proposition that the time within which defendant should have been brought to trial must be counted from the date of the first continuance obtained by the defendant, notwithstanding the circumstances of a second continuance and regardless of the sufficiency of the grounds upon which it was granted. But no authority is cited in support of this contention and the argument in the brief for appellant does not disclose any satisfactory basis for the theory so suggested. The case was brought to trial within 120 days after a continuance granted upon an apparently satisfactory showing made by the district attorney, following a previous continuance ordered at the instance of defendant himself, and this, in the absence of any intimation

that the second continuance was in fact arbitrary or groundless, is enough to satisfy the statutory requirements as to what constitutes the speedy trial to which a defendant is entitled.

Another contention of appellant to the effect that the verdict of the jury is contrary to the evidence has no foundation in fact sufficient to justify a serious discussion of its merits.

The judgment appealed from must be affirmed.